UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, etc.,

    Plaintiff,

v.                                          No.3:04-cv-1216-J-12TEM

ABE'S WRECKER SERVICE, INC., etc.,
et al.,

    Defendants.

## ORDER

This cause is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc.119), filed February 8, 2007. The Plaintiff's motion seeks judgment against Defendants Maria Teresa Abella, Personal Representative of the Estate of Paola A. Abella, and Sandra Vera, Personal Representative of the Estate of William H. Bengoa-Torres, a/k/a William H. Bengoa (Defendants Abella and Vera) on all of their affirmative defenses.

Defendant Abella filed a response in opposition (Doc.122) to Plaintiff's motion for judgment on the pleadings on March 30, 2007, which Defendant Vera adopted (see Doc. 123). The Court heard oral argument on the motion on April 24, 2007, and for the reasons set forth below, will deny Plaintiff's motion.

On September 21, 2006, the Court denied the motion for partial summary judgment filed by Defendant Vera and joined by all other Defendants, and granted the Plaintiff's motion for summary judgment on its declaratory judgment action. The Court

found that the policy at issue did not provide coverage for the accident which gives rise to this lawsuit. See Order (Doc.112). In interpreting the language of the policy, the Court did not reach the question of whether Defendants Abe's Wrecker Service, Inc. and James T. Scheider were covered under the policy under any contractual or equitable theory, or the issues regarding whether such equitable theories of promissory estoppel or reformation apply in this case to provide coverage for the subject accident.

Both Defendants Abella and Vera raise the same eight affirmative defenses in their answers (Docs. 10 and 12) to the Plaintiff's Amended Complaint (Doc.7). The Plaintiff asserts that because the Court has found that the policy provides no coverage for the accident which is the subject of this action, neither Defendant Abella nor Vera may maintain any of the contractual or equitable defenses they raise because the decedents they represent were not parties to the insurance contract, nor were any representations made to the decedents regarding the policy that would provide a basis for them to assert equitable relief. The Plaintiff acknowledges that the affirmative defenses and counterclaims of Defendants Abe's Wrecker Service, Inc. and James T. Scheider, which raise the issues of whether equitable theories of promissory estoppel or reformation apply in this case to provide coverage for the subject accident are still viable, as are contractual and equitable issues concerning whether Defendant Abe's Wrecker Service, Inc. was a named insured under the policy.

The Court is not persuaded by the Plaintiff's argument that it is entitled to judgment on the affirmative defenses of Defendants Abella and Vera. The Plaintiff included Defendants Abella and Vera as defendants in its declaratory judgment action, presumably because they are judgment creditors as to Defendant Abe's Wrecker

2

Service, Inc., and all the Defendants assert that coverage exists for the accident and seek relief under the policy. Defendants Abella and Vera filed answers and affirmative defenses (Docs. 10 and 12) and have participated in this case by filing submissions and appearing before the Court throughout the pendency of this litigation. In fact, it was Defendant Vera's motion for partial summary judgment as to the scope of coverage under the policy that the other Defendants joined and the Court denied. See Doc. 112. The Plaintiff did not raise the issue as to privity of contract when Defendants Abella and Vera were litigating the issue of whether the terms of the policy covered the subject accident.

Defendants Abella and Vera have cited uncontradicted authority for the proposition that "a judgment creditor has standing to raise the issues of estoppel and waiver as to insurance coverage against the insurer of the judgment debtor." Johnson v. Dawson, 257 So. 2d 282, 284 (3d D.C.A 1972). The Court finds no legal or factual basis to prevent them from litigating the remaining issues in this case which were raised in their affirmative defenses. The first seven of the affirmative defenses concern whether the Plaintiff should be equitably estopped from denying coverage for the accident, or whether under either a contractual or equitable theory, Defendant Abe's Wrecker Service, Inc. was a named insured under the policy. As the Court stated earlier, these issues remain to be litigated in the case after the Court's summary judgment order (Doc.112).

The eighth affirmative defense asserts that Defendants Abella and Vera are third party beneficiaries of the policy. The Court finds no basis to grant judgment for the Plaintiff on this defense since Defendants Abella and Vera are judgment creditors of

Defendant Abe's Wrecker Service, Inc., their standing to argue that coverage existed under the policy was never challenged, and the Court has found that they have standing to raise equitable issues as to insurance coverage against the judgment debtor's insurer, here, the Plaintiff.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

That Plaintiff's Motion for Judgment on the Pleadings (Doc.119) is denied.

**DONE and ORDERED** this 9TH day of May 2007.

*Howell W. Melton*
Senior United States District Judge

C:

Counsel of Record